IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KERMIT TY POULSON**, <br><br>          Plaintiff, <br><br>     v. <br><br> **TED WHEELER**, *Mayor of Portland*; **MAXINE BERNSTEIN**, *Journalist*; **AMELIA TEMPLETON**, *Oregon Public Broadcasting*; and **JESSICA ANDERSON**, *Supervisor*, <br><br>          Defendants. | Case No. 3:20-cv-1852-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on November 13, 2020. ECF 5. Judge Acosta recommended that Plaintiff Kermit Ty Poulson's *pro se* Complaint alleging violations of his civil rights under 42 U.S.C. § 1983 and the Federal Hate Crimes Act, 18 U.S.C. § 249(a) be dismissed without leave to amend[1] *sua sponte*. No party has filed objections.

---

[1] Poulson's 42 U.S.C. § 1983 claims would, if decided in his favor, necessarily undermine the validity of Poulson's criminal convictions. When a plaintiff's § 1983 claim would, if decided in the plaintiff's favor, undermine the validity of the plaintiff's conviction, the

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Acosta's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court **ADOPTS** Judge Acosta's

---

Court must dismiss the § 1983 claim unless the conviction has been overturned. *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Acosta recommended that Poulson's Complaint be dismissed without leave to amend, but noted that the dismissal was "without prejudice to his right to refile his Complaint should he successfully invalidate his criminal conviction in the future." ECF 5 at 14. Judge Acosta dismissed Poulson's claims under the Federal Hate Crimes Act with prejudice. *Id.*

Findings and Recommendation, ECF 5. The Court dismisses Poulson's Federal Hate Crimes claim with prejudice. The Court dismisses Poulson's § 1983 claims without leave to amend. The Court's dismissal of Poulson's § 1983 claim is without prejudice to his right to refile those claims should he successfully invalidate his criminal conviction in the future.

**IT IS SO ORDERED.**

DATED this 14th day of December, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER